## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| AGRIPROCESSORS, INC., | ) | |
| | ) | |
| Debtor. | ) | Bankruptcy No. 08-02751 |
| --------------------------------------------- | | |
| JOSEPH E. SARACHEK, | ) | |
| | ) | Adversary No. 10-9101 |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DINERS CLUB | ) | |
| INTERNATIONAL, LTD., | ) | |
| Defendant. | ) | |

## ORDER SETTING MOTION TO VACATE JUDGMENT
## FOR EVIDENTIARY HEARING

This matter came before the Court in a telephonic hearing on June 17, 2011.

Dan Childers appeared on behalf of Trustee/Plaintiff Joseph Sarachek.    Nicole

Nicolino Nayima appeared for Defendant/Movant Diners Club International Ltd.

(Diners Club).    After hearing, the Court took this matter under advisement.    This is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

A default judgment was entered against Diners Club after it failed to appear

and defend this action.    Diners Club admits it was properly served but states that it

mistakenly failed to open a file to defend the action in a timely manner.    After

discovering its mistake, Diners Club moved for an order vacating judgment under

Fed. R. Civ. Proc. 60(b)(1).   Diners Club notes that Rule 60(b)(1) allows the Court

to set aside or vacate judgments that are based on a mistake, inadvertence, or

excusable neglect.   It submits the Affidavit of a company official noting that a

mistake occurred which resulted in a failure to open the file and defend the case

properly.   The Affidavit also states, and counsel for Diners Club argues, that Diners

Club has a meritorious defense to the lawsuit.   Counsel for Diners Club further

argues that there will be no unfair prejudice to Plaintiff in setting aside the default

judgment.

The Chapter 7 Trustee in this bankruptcy resists the Motion.   He argues that

there are factual questions about the mistake and whether it should be excused here.

The Trustee also asserts that there are factual questions about whether Diners Club

has a meritorious and/or substantial defense.   Diners Club asserts that it was not the

proper party but has offered the Trustee no information to demonstrate that is true.

The Trustee argues that all information that Trustee has in his possession shows that

Diners Club received a preference payment and appears to be the proper party.   The

Trustee indicates that substantial factual questions remain whether Diners Club has

any evidence that it is not the proper party.   It has not pointed to the proper party.

The Trustee also notes that the Chapter 7 bankruptcy estate would be unfairly

2

prejudiced if relief under Rule 60(b)(1) was granted.   The statute of limitations has run and the time to replace Diners Club with what it asserts is the proper party has passed.

Numerous cases in the Eighth Circuit have addressed the standards that apply to a motion under Rule 60(b)(1).   See, e.g., Union Pacific Railroad v. Progress Rail Serv. Co., 256 F.3d 781, 782–83 (8th Cir. 2001); Hoover v. Valley West D M, 823 F.2d 277, 230–31 (8th Cir. 1987); Nunley v. Ethel Hedgeman Lyle Academy, 2010 WL 1186564, at *3–5 (E.D. Mo., Mar. 29, 2010); Duncan Aviation v. River Run Projects, LLC, 2007 WL 1362566, at *1–3 (D. Neb. Apr. 25, 2007); In re Forbes, 218 B.R. 438, 51–52 (B.A.P. 8th Cir. 1998); In re Smoinikar, 200 B.R. 640, 642–43 (Bankr. D. Minn. 1996).   The United States District Court found the Northern District of Iowa has discussed these standards in detail in at least two opinions. Murray v. Solidarity of Labor Org. Int'l. Union Benefit Fund, 172 F.Supp.2d 1134, 1140–50 (N.D. Iowa 2001); Widmer-Baum v. Chandler-Halford, 162 F.R.D. 545, 551–59 (N.D. Iowa 1995).

The Eighth Circuit B.A.P. provided a good summary of the standards:

> [R] elief from judgment under Rule 60(b)(1) is an extraordinary remedy "which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986). Rule 60(b)(1) relief will not be granted merely upon a showing of mistake. The movant must establish a

meritorious defense, lack of prejudice to the plaintiff and
freedom from culpability. <u>Hoover v. Valley West D M</u>,
823 F.2d 227, 230 (8th Cir. 1987).

<u>In re Forbes</u>, 218 B.R. at 52.

After reviewing the arguments of counsel, the written submissions filed on
this matter, and the applicable case law, the Court concludes an evidentiary hearing
is necessary.   Whether to hold an evidentiary "hearing or make specific findings in
ruling upon a Rule 60(b) motion is left to the . . . court's discretion."   <u>Atkinson v.
Prudential Property Co., Inc.</u>, 43 F.3d 367, 374 (8th Cir. 1994); <u>see</u> <u>also</u> <u>United
States v. 8136 S. Dobson Street</u>, 125 F.3d 1076, 1086 (7th Cir. 1997) (quoting
<u>Atkinson</u>).   Diners Club must demonstrate there was an excusable mistake that
would meet the threshold for consideration under Rule 60(b)(1).   Diners Club must
also put on evidence to demonstrate that it has a meritorious defense — that it was
not the proper party.   At the evidentiary hearing, the Court will also take further
arguments and proof on the question of prejudice to the Trustee if the default
judgment were set aside.

**IT IS ORDERED** that Defendant's Motion to Vacate Judgment is hereby set
for an evidentiary hearing on

**August 11, 2011 at 9:30 a.m.**

4

In the Bankruptcy Court Room, 425 Second St. SE, Suite 800, CEDAR RAPIDS,

IOWA.

      Dated and Entered: June 29, 2011

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE